UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT SAUNDERS,

                       Petitioner,

   -against-

WILLIAM MAZZUCA,
*Superintendent,*
*Fishkill Correctional Facility,*

                       Respondent.
-----------------------------------------------------------X

04 CV 1156 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

Petitioner <u>pro se</u> Robert Saunders filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 10, 2004. (Dkt. No. 1.) After obtaining a stay and endeavoring to exhaust several claims in the state courts, Saunders returned to this court and filed a Second Amended Petition. (Dkt. No. 19.) By opinion and order dated May 30, 2007, the court denied Saunders' petition and denied a certificate of appealability. (Dkt. No. 23.) Judgment was entered on June 4, 2007. (Dkt. No. 24.) On June 13, 2007, Saunders filed a notice of appeal of this judgment. (Dkt. No. 25.)

While this appeal is pending, Saunders has filed a motion for reconsideration pursuant to Rule 60, Fed. R. Civ. P. For the reasons set forth below, the court denies this motion.[1]

## DISCUSSION

---

[1] The court has jurisdiction to entertain and deny this motion, the pending appeal notwithstanding. See <u>Smalls v. Batista</u>, 191 F.3d 272, 276 n.3 (2d Cir. 1999) (<u>citing</u> <u>Toliver v. County of Sullivan</u>, 957 F.2d 47, 49 (2d Cir. 1992)).

1

In the opinion denying Saunders' petition, the court noted that four claims had been marked "DELETED" in his Second Amended Petition. These "deleted" claims were: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel for failing to produce alibi witnesses; (3) unduly suggestive identification line-up due to use of homeless persons as fillers; and (4) imposition of an excessive sentence. The court also noted that petitioner had not discussed any of these claims in his reply brief. (See Dkt. No. 21.) The court found that this treatment of claims signified an intention to abandon these claims. Nonetheless, the court went on to state:

> In any event, petitioner is not entitled to habeas relief on these claims. The Appellate Division decisions rejecting these claims—in petitioner's coram nobis application, People v. Saunders, 16 A.D.3d 440 (N.Y. App. Div. 2d Dep't 2005), and direct appeal, People v. Saunders, 306 A.D.2d 502 (N.Y. App. Div. 2d Dep't 2003)—are neither contrary to, nor an unreasonable application of, clearly established federal law.

Petitioner now argues that he had not intended to abandon these claims. Petitioner explains that another inmate, who is a paralegal, was helping him with his legal work in exchange for payment, but this inmate deleted these claims without petitioner's knowledge or consent when petitioner ceased paying him for his services. Petitioner, therefore, seeks reconsideration of these claims, although he expounds only upon his claim that he was given an excessive sentence.

Under Second Circuit precedents, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). The portion of a Rule 60(b) motion that attacks the underlying criminal

2

conviction may be denied as beyond the scope of Rule 60(b). See Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). Where a petitioner "arguably attacks the integrity of [the] habeas proceeding," the court considers the merits of his challenge under Rule 60(b). See Harris, 367 F.3d at 80.

In this case, petitioner attacks the integrity of the habeas proceeding by arguing that several of his claims were improperly deleted from his petition by an inmate assisting him with his legal work. In the opinion denying Saunders' petition, the court, after noting petitioner's apparent abandonment of these claims, went on to deny these claims on their merits. Therefore, petitioner has failed to satisfy any of the grounds authorizing relief pursuant to Rule 60, Fed. R. Civ. P. Despite the "DELETED" label, this court considered these claims and denied relief on all of them because the state courts' rejections of them were neither contrary to, nor an unreasonable application of, clearly established federal law. Saunders, therefore, cannot establish that the asserted misconduct of his fellow inmate subverted the integrity of the habeas proceeding, and so his Rule 60(b) motion is denied.

To the extent petitioner's motion attacks his underlying conviction by arguing that his sentence was excessive, the motion is denied as beyond the scope of Rule 60(b). The court further notes that nothing petitioner has argued in the instant motion would alter the conclusion that habeas relief is not warranted on this claim, which raises no federal constitutional issue.

## CONCLUSION

Insofar as petitioner's motion attacks the integrity of the habeas proceeding, the motion is denied on the merits under Rule 60(b). To the extent petitioner's motion attacks his underlying conviction, the motion is denied as beyond the scope of Rule 60(b). A certificate of appealability

is also denied because the petitioner has failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: July 10, 2007
Brooklyn, New York

SERVICE LIST:

*Pro Se* Petitioner
Robert Saunders
# 98A2402
Wallkill Correctional Facility
Route 208, Box G
Wallkill, NY 12589-0286


Attorney for Respondent
Solomon Neubort
Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201